Parker, J,
These cases of Kennedy v. Dodge, on error, and Dodge v. Kennedy, on appeal, were presented to this court together, both growing out of the same subject matter, and they will >both be disposed of now, The first case, it will be observed •by the title, is a proceeding in error to reverse the judgk ment of the court of common, pleas, and the other is a branch of the same case in the court of common pleas, coming here on appeal.
On June l, 1896, William J. Dodge, as administrator of the estate of Hannah Hank, deceased, filed his petition in the court of common pleas of this county against Clara T. Kennedy and Charles L. Kennedy, in which he sets forth that the decedent was a resident of Portage county; that he is the administrator of her estate; that one Thomas B. Hank, late of Lucas county, Ohio, died intestate; that the *427 defendant Olara T. Kennedy is the executrix of his last will and testáment (this averment, however, as to Clara T. Kennedy being the executrix of the estate of Thomas B. Hank does not appear to be material, since no relief is asked against her as executrix, and she is not named as executrix in the title of the case); that the defendant Clara T. Kennedy, was formerly named Clara T. Hank, and was the wife of T. B. Hank, now deceased; that said Clara T. Kennedy is now the wife of Charles L. Kennedy; that on or about February 8, 1882, said Thomas B. Hank and Clara T. Hank executed and delivered to said Hannah Hank their promissory note, and a copy is given in the petition, which reads as follows:
“$558.00. “Sylvania, Ohio, Feb. 18, 1882.
One year after date I promise to pay to the order of Hannah Hank five hundred and fifty-eight dollars, at Hiram, Portage county, Ohio. Value received.
“Due February 8, 1888. “T. B. Hank,
“Clara T. Hank.”
The indorsements which appear upon that note are as follows :
“July 15, 1884. Received on the within note $5.00.”
“October 8, 1885. Received $20 interest.”
“January 1, 1887. Received $50 interest. ”
“June 30,1887. Received on the within note $50 as interest. ”
He sets forth that the note was presented to Clara T. Kennedy as executrix of the estate of Thomas B. Hank, and allowed by her as against that estate; that on or about January 2, 1896, he presented the note to the defendant, Clara T. Kennedy, and demanded payment, but did not receive payment; that on said day or a short time thereafter, but after demand was made, said Clara T. Kennedy, without any valuable consideration to her paid by her said husband, Charles L. Kennedy, conveyed to said Charles L. Kennedy all the real estate owned by her, which is specifically described in the petition,and consists of 53.13 acres of land in this county — Sylvania township. He avers that this conveyance was made for the purpose.of defrauding this plaintiff and other creditors of said Clara T. Kennedy, who, it is claimed, is wholly insolvent, and against whom a judgment *428 cannot be satisfied. There is a prayer for an injunction which need no be noticed, because nothing was done in .pursuance of it. A part of the prayer is that said conveyance made by Clara T. Kennedy to her said husband be declared to be fraudulent as to this plaintiff, and that said property may be ordered to be sold to satisfy any judgment which may be rendered herein, and that he may have and recover of the said Clara T. Kennedy the balance due on the note, with interest from May 1, 1896, and costs, etc.
An amendment was filed to this petition setting forth that at the time this note was executed by Clara T. Kennedy, then Clara T. Hank, who was the wife of T. B. Hank, and therefore a married woman at the time, she was the owner of a separate estate liable to be charged for her obligations.
The answer avers payment of the note. I does not set forth specifically when or how the note was paid, but says that it has been fully paid. And it contains a denial that the conveyance mentioned in the petition was made for the purpose of defrauding this plaintiff, or the creditors of Clara T. Kennedy.
In our judgment the petition states two causes of action: One at law, upon which a judgment is asked, and one under section 6348-4, Revised Statutes, to set aside a fraudulent conveyance. We think these may be heard joihtly., They are not-separately stated and numbered in the petition, but no exception was taken to that in the court below.
When the case came on for trial the plaintiff demanded a jury trial of the issue with respect to the amount claimed to be due upon the note, and the court refused a jury. What was done in that regard, appears on page 2 of the bill of exceptions:
“The case being called for hearing, plaintiff by his-counsel asked that the bame might be tried to a jury. Whereupon the court overruled said request, to which ruling plaintiff by his counsel duly excepted.”
Thereupon the taking of testimony was proceeded with. The journal entry with respect to the same matter reads as follows:
“This cause coming on for hearing, was submitted to the court upon the pleadings and the evidence; upon consideration whereof the court finds, etc.”
*429 The statement that a jury was demanded by the plaintiff does not appear there, and it does not anywhere appear that the defendants below, who prosecute error here, demanded a jury, or that the defendants objected to proceeding to trial without a jury. It is now argued, however, on behalf of the defendants below — plaintiffs in error here — that there was error in this action of the court in denying a jury, prejudicial to them. So far as appears from the record, the defendants preferred to have the case tried to the court,and not to a jury. It is said in argument, that the defendants’ counsel supposed that the court was correct about it, and that they were not entitled to a jury, but that really, as a matter of fact, they preferred a jury; 'but there was no objection made by the defendants to proceeding with the trial of the case to. the court, We think, therefore, that so far as the defendants are concerned — plaintiffs in error — there was no error committed by the court below, We think this is fully settled by Bonewitz v. Bonewitz, 50 Ohio St., 373. I read the syllabus:
“A party may waive his right to a jury trial by acts, as well as by words.
“And where, in a case of which the court of common pleas, having jurisdiction of the parties, may also, by consent, acquire jurisdiction to try the cause without a jury, the record shows that the parties appeared, and neither demanded nor waived a jury, but without objection submitted the cause to the court upon jjhe pleadings, evidence, and argument of counsel, ibis not error for the court to proceed to final judgment in the case.
‘“•An objection by the defeated party, first made after such submission and judgment, that his cause was not tried to a jury, comes too late.”
In this case the journal entry was open to more doubt, perhaps, than the entry in this case. The part of it relating to the jury reads as follows: ' •
“The cause coming on for trial, came thereupon the parties and their attorneys, and neither party demanded or waived the interposition of a jury, but without objection submitted the cause to the court upon the pleadings, evidence and argument of counsel.”
The jounral entry in this case, whiehl have already read, *430 is to the effect that the parties came and submitted the cause to the court, so far as appears without objection on the part of the defendant. The defendants cannot avail themselves of the objection made or the exceptions of the plaintiff in that regard. So that we hold that there is no error prejudicial to the plaintiffs in error in the proceedings with respect to the trial of this issue by the court of which the the plaintiffs in error are in a position to avail themselves.
The court proceeded to try the cause upon the issue as to whether or not the note had been paid, and after determining that issue in favor of the plaintiffs, finding that it had not been paid, but that there was a balance due, something like $800 or $900, judgment was entered upon that, and then the court proceeded to hear and consider the evidence with respect to the alleged fraudulent conveyance By the decree of the court that was set aside.
As I have said, from the finding of the court with respect to the amount due upon the note, error is prosecuted here by Mrs. Kennedy, her husband joining with respect to the other matter, which is brought here by way of appeal.
This question of the payment, in the court of common pleas, turned upon the question whether, on July 15, 1884, $5.00 or 500.00 had been paid by Mr. Hank to his mother. The indorsement appearing upon the back of the note is “July 15, 1884. Received on the within note $5.00”. Without entering into a discussion of the evidence on this issue, we say that we are unanimously of the opinion that the finding and judgment of thS court is fairly supported hy the evidence, and that even with a certain book which was introduced in evidence, on behalf of the defendant; Mrs. Kennedy, being considered in, and considered as a part of the competent evidence of the case, and giving full weight to it. With respect to this book, however, we are of the opinion that it should not have been received in evidence, and with this book excluded there is clearly less than a preponderance in support of the claim óf a payment of $500 instead of a payment of $5.on July 15, 1884. It will be observed that the entries in the bonk correspond with the indorsements upon the note, excepting that the first amount set down in the book is $500 instead of $5.00. The bonk contains an index running through it, and the matters *431 seem to be set down alphabetically according to the index,, and this appears under the letter H: ‘‘Hank (Mother) 1884. July 15, 1884. Paid on note $500, 1885. October 8, $20.. January 1, 1887, $50. January 30, 1887, $50.” This action was prosecuted by the administrator of Hannah Hank, against Mrs. Kennedy. Mrs. Kennedy,therefore,was not a competent witness, but it is claimed that the book was admissible under section 5242, Revised Statutes. The opening or introductory paragraph of the statute reads as follows:.
“A party shall not testify where the adverse party is the guardian or trustee of either a deaf and dumb, or an insane person, or of a child of a deceased person,'‘or is an executor' or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person, except.”
Then comes this clause:,
‘‘6. If the claim or defense is founded in a book account, a party may testify that the book is his account book;: that it is a book of original entries; that the entries therein were made by himself, a person since deceased, or a disinterested person, non-resident of the county. Whereupon the book shall be competent evidence, and such book may be admitted in evidence in any case, without regard to the parties, upon like proof by any competent witness.”
We are of the opinion that this book should not have been received, or these entries, for the reason that this is not a proper subject matter of an account. It is held in a great many cases that cash items, especially of large-amounts, unless perhaps in banking business, or something of that sort, are not the subject matter of an account. One case only will be referred to, Hough v. Henk, 8 C. C. Rep., 354, where this is said:
‘‘The items are for money loaned — no mutual dealings between the parties — simply items of money loaned; which we do not think a proper subject matter of book account under the circumstances of this case,”
In the case at bar, the parties had made a promissory note. The form in which the evidence of this indebtedness-should be preserved, and the proper place for credits upon this indebtedness to appear, was upon the note itself, and not in a book of account of the maker of the note. It is-said, in the case to which I have referred, that chargee foi *432 money loaned are not the proper subject matter of a book account. We think it may be said with additional force and emphasis, that where money has been loaned and a note ..given, upon which any credit to which the party is entitled should appear, that the book of account of the party is not a proper place on which to enter payments. And we think the book should not have been received in evidence because ..it is not a book of original entries. The book is in the form of a ledger. It does not appear that these items were set down in the book as payments were made. There are parts of the book iji which entries appear sometimes in the • form of day-book entries, but this and other parts appear more like ledger accounts. The testimony of Mrs. Kennedy on the subject is that her husband kept a day-book, and that this is not that day-book, and that these items were • drawn off from the day-book. Even if any book containing this account would be admissible in evidence in this case, it must be that day-book, and not the ledger. The evidence here tends to show that the day-book had been destroyed in ■ a fire, but we do not understand that that alone makes the ■ledger admissible or competent.
Counsel for plaintiffs in error cites us to Faxon v. Hollis, 13 Mass., 427, in support of his- contention that a ledger may be used the same as a day-book, where the day-bpok has been lost or destroyed. An examination of that case will show that the court holds that the fact that the book was in ledger form, and not in the usual form of day-book entries, was no ground of objection to its admissibility; but the ccnrt also holds, that though it was in this form, it was nevertheless a book of original entries and admissible as :such. The book in question was that of a blacksmith. He was in the habit of keeping a slate in his shop on which he set down all his charges as they accrued, and then tran- • scribing the entries from the slate into the book, and after that was done he rubbed out the charges on the slate and began again. He testified, with respect to the charges in question, that they were all made upon the slate at the respective dates, and were truly transcribed into the book, arid afterwards rubbed off from the' slate. That is quite different from the case at bar, where a day-book was kept, ¡presumably in the usual form and manner, upon which the *433 original entries were made, and where there is no testimony to show that the entries in the ledger were transcribed correctly from the day-book, by the .person who made the entries in the day-book, or by one haying a knowledge of the transactions and of the correctness of the original entries.
There is a great deal of uncertainty as to who made these entries in this boob. Mrs. Kennedy is of the opinion that they were entered by her husband, but we think it fairly appears, from the weight of the evidence upon that subject, that they were entered by another person- — -eome bookkeeper. There is nothing about the entries to lay them open to any suspicion; at the same time it does not appear that the entries were made concurrently with the transactions there set down, or that they were made by one having actual knowledge of (he payments. It would seem that they were simply copied from a day-book by some one employed or engaged by Mr. Hank to do that service for him. In 18 Wall., 516, this is stated in the syllabus:
“The general rule which governs the admissibility of entries in books made by private parties in the ordinary course of their business, requires that the entries shall be contemporaneous with the facts to which they relate, and shall be made by parties having personal knowledge of the facts, and be corroborated by their testimony, if Jiving and accessible, or by proof of their handwriting if dead, or insane, or beyond the reach of the process or commission of th® court.’’
It does not appear that these entries were made by Mr. Hank; who they were made by does not appear. But, in. order to make the book admissible, it devolved upon the defendant to show that the entries were made concurrently with the transactions by one having knowledge of the transactioi s, and further, that the person that made those entries is dead or beyond the reach of the process of the court. And it does not appear that any diligence whatever has been exercised to ascertain who actually made these entries, to find the person and bring him here into court. So I say that we think the court should have excluded this evidence, and that the case should have been considered as if this were not in evidence; and with this excluded, there is *434 not sufficient here tending to show the payment of $500 at the date mentioned. We think that the judgment of the court upon this issue was correct.
As to the alleged fraudulent conveyance, the parties agree for the purposes of this trial — ■
“That the real estate described in the petition of the . plaintiff as having been transferred by Clara T. Kennedy to her husband, Charles L. Kennedy, was so transferred prior to the commencement of this suit; that no money consideration was paid at the timei of this transfer; that the said Charles L. Kennedy promised his wife, when the said transfer was made, as consideration therefor, that he would, out of said property, raise the means to buy other real estate and build her a house thereon, and that the real estate so purchased, with the building thereon and all improvements, would be conveyed to her by a deed; that in pursuance of said agreement the said defendant borrowed the sum of $1,500 from Lattimer Thompson, and to secure the payment thereof executed a mortgage to the said Thompson for the sum of $1,500, upon the property described in plaintiff’s petition. That with said money the said defendant, Charles L. Kennedy, paid for a house at Sylvania, Ohio, and the balance upon the lot upon which the house stands, and thereafter exchanged said home in Sylvania for a house and lot in Toledo, Ohio, which has been duly conveyed to the said defendant, Clara T. Kennedy; that in making said exchange of property the said defendant, Charles L. Kennedy, received the sum of $650 in addition to said Toledo property; that $300 of said sum was applied upon said mortgage of $1,500, held by said Thompson, and $100 of said sum was paid as interest upon said mortgage, and the balance of $250 was used for the furnishings in said home.’’
So that it appears that the husband did not pay any consideration for the conveyance of this property to himself; so far as he was concerned it was a voluntary conveyance; and the. effect of it being to defraud this creditor, without respect to the intent of the parties, the conveyance must be set aside. But the decree should not be like the decree entered in the court of common pleas. This is not an action under section 5464, Revised Statutes, in aid of execution. *435 Proceeding under that statute, one must have a judgment to begin with as the basis of his claim; and having a specific lien upon the property, he may proceed to have the conveyance set aside as fraudulent as to him, in order that the cloud otherwise resting on the title may be removed, so that a sale of the property may be made. Thus proceeding, he is not required to take into account any other creditors, or the rights of any other creditors; but where the proceeding is under sections 6343 and 6344, Revised Statutes, such an entry and such a judgment is not authorized. A trustee must be appointed, and the conveyance set aside, and the property must be sold 'and administered for the benefit of all the creditors. In this case, without making Mr. Thompson a party defendant (the date of whose mortgage does not appear, but it may be fairly inferred that it was obtained prior to the obtaining of judgment in this case), the judgment of the court proceeds to find that this judgment, which was obtained in 1898, is the first and best lien upon these premises. It probably is not. The decree, therefore; should be drawn under the sections I have indicated. But, as it does not appear that there is any other creditor interposing or asking for any relief or showing any interest in the matter, we are not disposed to put the plaintiffs in error to the trouble or expense incident to the appointment of á trustee and a sale of the property, if this can be adjusted within a reasonable time, say within a week or two. If it is the desire of the Kennnedys to fix the matter up, instead of proceeding to a higher court with the case, we will give them an opportunity to do it, otherwise the order of the court will include the appointment o'f a trustee to sell the property, in accordance with the statute.
Scribner & Waite, for Plaintiffs in Error.
Hurd, Brumback & Thatcher, for Defendant in Error.